NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0842n.06
Filed: November 15, 2006

## No. 05-4634

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RASKO PERKOVIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ALBERTO R. GONZALES, UNITED STATES | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

Before: SILER, GILMAN, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Rasko Perkovic petitions this court for review of the Board of

Immigration Appeals' (BIA) order requiring him to leave the United States or be deported. Perkovic

contends that the Immigration Judge (IJ) inappropriately denied his asylum application, his

application for withholding of deportation, and his application for protection under the Convention

Against Torture (CAT). He argues that he suffered past persecution and has a well-founded fear of

future persecution. Because Perkovic's arguments lack merit, we deny review of the BIA's order.

## I.  BACKGROUND

Perkovic is a native citizen of Yugoslavia, which is now known as Serbia and Montenegro.

He is ethnic Albanian and Catholic. While in Yugoslavia, Perkovic was unable to obtain any job

besides working on his family ranch and was prevented from marrying his girlfriend because of his

Albanian ethnicity. He also suffered some negative treatment because of his religion. Perkovic served in the Yugoslavian army for one year and remained in the reserves after his discharge.

On March 28, 1994, the Yugoslavian army ordered Perkovic to report for military service. He was not home when the military police delivered the notice. His father sent word to him that the military police were looking for him. He then went into hiding to avoid reentering the military.

Perkovic entered the United States on April 16, 1994, and filed an affirmative application for asylum with the Immigration and Naturalization Service on March 10, 1995. The IJ denied Perkovic's application, concluding that the punishment Perkovic suffered or feared suffering because of his refusal to serve in the army was not persecution under the Immigration and Nationality Act, and that he lacked a well-founded fear of future persecution. Perkovic appealed to the BIA. Six years later, the BIA remanded the case for consideration of the intervening events in the former Yugoslavia.

Three years later, in 2004, a different IJ conducted a new asylum hearing. The IJ again denied Perkovic's application for asylum, withholding of deportation, and protection under the CAT, holding that Perkovic lacked a well-founded fear of future persecution because of improved conditions in Serbia and Montenegro. The BIA affirmed the IJ's decision without opinion.

## II. DISCUSSION

Because the BIA affirmed without opinion, the IJ's decision is reviewed as the final agency order under the substantial evidence standard. *Denko v. INS*, 351 F.3d 717, 730 (6th Cir. 2003). We will uphold the IJ's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001). For this

court to reverse, we "must find that the evidence not only supports a contrary conclusion, but indeed compels it." *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992).

According to Perkovic, he suffered past persecution while he was living in Yugoslavia. The first IJ reasonably determined that "while [Perkovic] may have suffered some forms of discrimination, and/or criminal misconduct, because of his nationality, these acts do not appear to rise to the level of persecution as contemplated by the Act." On Perkovic's first appeal to the BIA, however, the BIA remanded the matter for further consideration of Perkovic's "persecution claim in light of current country conditions." Perkovic claims the BIA's decision was a rejection of the IJ's first conclusion that Perkovic did not show he had suffered past persecution. Although that is not clear from the first BIA decision, Perkovic did not raise that issue with the second IJ, so the finding by the first IJ that Perkovic did not show past persecution is still controlling. Because Perkovic has not established that he suffered past persecution, he must demonstrate both a subjective fear of future persecution and an objectively reasonable possibility of persecution if he is forced to return to Montenegro. *Rreshpja v. Ashcroft*, 420 F.3d 551, 555 (6th Cir. 2005). The record supports the IJ's conclusion that Perkovic has not established a well-founded fear of future persecution.

Perkovic contends that the IJ incorrectly failed to consider his eligibility for humanitarian asylum. In *Rreshpja*, we held that unless the alien has established past persecution or a well-founded fear of future persecution, the court cannot grant humanitarian status. *Id.* at 556. Again, we find that the IJ's decision regarding the lack of persecution is well-reasoned, thoughtful, and supported by the record; thus, Perkovic cannot attain humanitarian asylum status.

No. 05-4634
Perkovic v. Gonzales

We also deny Perkovic's claims for withholding of removal and protection under the CAT.

Failure to show eligibility for asylum means that Perkovic cannot establish withholding of removal.

*Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004). The IJ found that the current government of

Montenegro generally respects the rights of its citizens, that their laws provide for freedom of

religion, and that the government respects this right in practice. We uphold this finding because it

is not "manifestly contrary to the law" and deny Perkovic's application for protection under the CAT.

*See Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001).

**PETITION DENIED.**